25CA1066 Peo v Rollie 08-13-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1066
City and County of Denver District Court No. 06CR10482
Honorable Alex C. Myers, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael Orlando Rollie,

Defendant-Appellant.

ORDER AFFIRMED

Division II
Opinion by JUDGE BROWN
Tow, C.J., and Harris, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 13, 2026

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Michael Orlando Rollie, Pro Se

¶ 1    Defendant, Michael Orlando Rollie, appeals the postconviction court's order denying his most recent postconviction motion. We affirm.

## I.    Background

¶ 2    A jury found Rollie guilty of three counts of attempted manslaughter, one count of attempted first degree murder, three counts of first degree assault, one count of second degree assault, and related crime of violence counts. He was sentenced to an aggregate term of 104 years in the custody of the Department of Corrections. A division of this court affirmed the judgment of conviction. *See People v. Rollie*, (Colo. App. No. 08CA0391, July 26, 2012) (not published pursuant to C.A.R. 35(f)) (*Rollie I*). The mandate issued in July 2013.

¶ 3    Thereafter, Rollie filed numerous, unsuccessful postconviction motions and appeals. *See People v. Rollie*, (Colo. App. No. 24CA0871, Jan. 23, 2025) (not published pursuant to C.A.R. 35(e)); *People v. Rollie*, (Colo. App. No. 24CA0800, Jan. 23, 2025) (not published pursuant to C.A.R. 35(e)); *People v. Rollie*, (Colo. App. No. 23CA0154, Oct. 12, 2023) (not published pursuant to C.A.R. 35(e)); *People v. Rollie*, (Colo. App. No. 20CA0435, Apr. 29, 2021) (not

published pursuant to C.A.R. 35(e)); *People v. Rollie,* (Colo. App. No. 16CA1538, Sept. 20, 2018) (not published pursuant to C.A.R. 35(e)); *People v. Rollie,* (Colo. App. No. 13CA2297, May 7, 2015) (not published pursuant to C.A.R. 35(f)).

¶ 4    In May 2025, Rollie filed the underlying Crim. P. 35(c) motion, in which he asserted that the division of this court in *Rollie I* erred when it found that (1) one of the victims did not lunge at him before he acted in self-defense and (2) a surveillance video of the incident was not improperly edited to remove evidence of the victim's lunge. He argued that the postconviction court should not rely on *Rollie I* as law of the case and that the erroneous findings in *Rollie I* should exempt his motion from being procedurally barred.  For relief, Rollie requested that he be granted an evidentiary hearing so he may prove through "exculpatory evidence" that he acted in self-defense.

¶ 5    The postconviction court denied Rollie's motion as untimely and successive and determined that it did not have the authority to overturn the ruling in *Rollie I.*

## II.    Standard of Review and Legal Authority

¶ 6    We review de novo the summary denial of a Crim. P. 35(c) motion.  *People v. Cali,* 2020 CO 20, ¶ 14.

2

¶ 7     Subject to certain enumerated exceptions, a court must deny a

Crim. P. 35(c) claim that was, or could have been, raised and

resolved in a prior appeal or postconviction proceeding on behalf of

the same defendant.  Crim. P. 35(c)(3)(VI), (VII).

¶ 8     Further, subject to certain enumerated exceptions, a

defendant must file a Crim. P. 35(c) motion within three years of

their conviction for an offense other than a class 1 felony.

§ 16-5-402(1), C.R.S. 2025; Crim. P. 35(c)(3)(I).  As relevant here, a

conviction becomes final when the mandate is issued following a

direct appeal.  *People v. Prendergast*, 2024 COA 127, ¶ 28.

### III.   Analysis

¶ 9     As a threshold matter, we note that the jury, not the division

in *Rollie I*, found that Rollie had not acted in self-defense.  The

division did not find that one of the victims did not lunge at Rollie

before Rollie shot him in self-defense.  Relating to Rollie's

self-defense theory, the division considered only whether the district

court erred by excluding evidence Rollie asserted was relevant to

the theory or by giving an improper jury instruction on the theory.

Further, the division did not find that the surveillance video had not

been edited.  It instead determined that the district court did not

abuse its discretion by allowing the prosecution to admit the surveillance video over Rollie's objection regarding its completeness.

¶ 10     The proper mechanism for reviewing the division's decision was to file a writ of certiorari to the supreme court. *See* § 13-4-108(2), C.R.S. 2025; C.A.R. 49; *People v. Maser*, 2012 CO 41, ¶ 12. Indeed, Rollie did so, and the petition was denied.

¶ 11     With these clarifications, we are unable to discern from Rollie's most recent postconviction motion a cognizable challenge to his conviction, *see* Crim. P. 35(c)(2), or any legal basis upon which he would be entitled to a hearing for the purpose of proving his self-defense claim. *See Cali,* ¶ 34 (while we broadly construe a pro se litigant's pleadings, we will not rewrite the pleadings or act as an advocate for a pro se litigant). Contrary to his assertion, the law of the case doctrine does not provide a stand-alone avenue for relitigating issues that were previously raised and resolved. *See DeForrest v. City of Cherry Hills Vill.*, 990 P.2d 1139, 1142 (Colo. App. 1999) ("The doctrine of the law of the case is a discretionary rule of practice," which "applies to decisions of law, rather than to the resolution of factual questions."); *see also People v. Roybal*, 672 P.2d 1003, 1005 (Colo. 1983) (The law of the case doctrine protects

"against the reargument of settled issues."). Nor does it provide an exemption to the procedural bars in Crim. P. 35(c).

¶ 12 To the extent Rollie raised a claim that he was actually innocent because he acted in self-defense or that the video evidence presented at trial had been altered, we note that he unsuccessfully raised similar arguments in prior postconviction motions and appeals. *See Rollie*, No. 24CA0871, slip op. at 2-4; *Rollie*, No. 23CA0154, slip op. at 2-7; *Rollie*, No. 16CA1538, slip op. at 10. Thus, such claims must be denied as successive because they were, or could have been, previously raised and resolved. And although Rollie argued in the motion that he could present "exculpatory evidence" to establish his claims, he did not allege that his claims were "based on evidence that could not have been discovered previously through the exercise of due diligence." Crim. P. 35(c)(3)(VI)(a), (VII)(b). Quite the opposite, he largely cited evidence presented at trial. Thus, he offered no viable basis upon which to exempt his claims from the successiveness procedural bar. *See id.*

¶ 13 To the extent Rollie raises new arguments in his reply brief, we do not address them. *See People v. Grant*, 174 P.3d 798, 803 (Colo. App. 2007).

¶ 14    For these reasons, we conclude that the postconviction court did not err by denying Rollie's motion without a hearing.

## IV. Disposition

¶ 15    The order is affirmed.

CHIEF JUDGE TOW and JUDGE HARRIS concur.